UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
KERETH POWELL,
:
                      Plaintiff,         :      12cv4221 (LAP) (DF)

      -against-                 :      **REPORT AND**
                                                   **RECOMMENDATION**
METRO ONE LOSS PREVENTION SERVICES     :
GROUP (GUARD DIVISION NY), INC.,
:
                     Defendant.
------------------------------------------------------------------X

**TO THE HONORABLE LORETTA A. PRESKA, U.S.D.J.:**

       In this employment discrimination case, which has been referred to this Court for general pretrial supervision, the parties have raised a dispute regarding the amount of attorneys' fees that should be paid by defendant Metro One Loss Prevention Services Group ("Defendant") to satisfy a discovery sanction previously imposed by this Court. While it may be within this Court's authority to rule on the appropriateness of the particular fees now requested by plaintiff Kereth Powell ("Plaintiff") to satisfy the sanctions award, such a ruling could have an impact on a future fee claim by Plaintiff, should he ultimately prevail in this litigation. Thus, this Court has opted to recommend that a certain amount of fees be awarded, rather than simply ordering payment of the amount that, in this Court's view, would be appropriate. For the reasons discussed below, I recommend that Defendant be directed to pay to Plaintiff the sum of $16,450, representing the attorneys' fees reasonably incurred by Plaintiff in preparing and filing his sanctions motion and reply.

## BACKGROUND

       By Order dated August 7, 2014 ("August 7 Order") (Dkt. 59), this Court denied a sanctions motion filed in letter form by Plaintiff, to the extent Plaintiff sought to preclude

Defendant from using documents that Defendant had failed to produce until after the close of discovery in this case. This Court did, however, grant Plaintiff leave to reopen certain depositions, so as to question the witnesses about those documents. Further, although the Court found insufficient justification to order Defendant to pay the costs associated with those reopened depositions, the Court did order, "as a minimum sanction," that Defendant reimburse Plaintiff for the cost, including reasonable attorneys' fees, of preparing and filing its letter motion.

Subsequently, the parties were unable to stipulate as to the amount of fees that should be paid by Defendant pursuant to the August 7 Order, leading Plaintiff to make an attorneys' fee application to the Court. (*See* Dkts. 60, 61.) Defendant opposed that application (Dkts. 63, 64), and Plaintiff filed a reply (Dkts. 67, 68).

## I. APPLICABLE LEGAL STANDARDS

The Court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). As a general matter, the "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates "presumptively reasonable fee" (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) (internal quotation marks omitted)). There is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." *Perdue*, 559 U.S. at 552. The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum v.*

*Stenson,* 465 U.S. 886, 897 (1984), and must provide the Court with sufficient information to assess the fee application, *New York Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). To that end, the application must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum,* 465 U.S. at 895 n.11. Although the fee applicant has the burden of demonstrating prevailing market rates for comparable work, *see Broome v. Biondi,* 17 F. Supp. 2d 230, 237 (S.D.N.Y. 1997), the Court may also apply its "own knowledge" of rates charged in the community in assessing the reasonableness of the rates sought, *Miele v. N.Y. State Teamsters Conference Pension & Ret.,* 831 F.2d 407, 409 (2d Cir. 1987). In *Arbor Hill,* the Second Circuit emphasized that the "reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill,* 522 F.3d at 190. In assessing whether an hourly rate is reasonable, the Court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate. *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d Cir. 1998).

Where the requested amount of fees is excessive because the number of stated hours is greater than that which should have been required for the work produced, the Court should reduce the stated hours accordingly. *See Seitzman v. Sun Life Assurance Co. of Canada,* 311 F.3d 477, 487 (2d Cir. 2002) (the time component should not reflect excessive hours). In determining whether an excessive amount of time was expended on the matter, the Court may

consider, *inter alia*, the nature and quality of the work submitted by counsel in connection with the litigation, *see Kirsch v. Fleet St. Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998); *In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 226, 232 (2d Cir. 1987), as well as the degree of counsel's success, *see Hensley,* 461 U.S. at 436.

## II.  PLAINTIFF'S FEE APPLICATION

Plaintiff has sought $23,450 in attorneys' fees in connection with the sanctions motion, representing $26,537.50 in fees that Plaintiff claims to have incurred, less a voluntary reduction of $3,087.50, or approximately 11.63 percent. (*See* Reply Declaration of Debra L. Raskin in Further Support of Plaintiff's Application for Attorneys' Fees, dated Oct. 10, 2014 ("Raskin Reply Decl.") (Dkt. 68), ¶ 13.)[1] For the reasons discussed below, however, even with the voluntary reduction, the requested amount is still higher than appropriate to satisfy the fee award granted by this Court, largely because Plaintiff has sought to include attorney hours that cannot be fairly characterized as hours spent "preparing and filing" the motion, as specified by the Court's August 7 Order. (*See* Dkt. 59, at 4.)

### A.  Reasonableness of Counsel's Hourly Rates

In this case, Plaintiff seeks to recover fees for work performed by two attorneys, Debra L. Raskin ("Raskin") and Gregory S. Chiarello ("Chiarello"), with the New York City

---

[1] Plaintiff initially sought a slightly higher amount of fees ($24,500), representing $27.587.50, less the same voluntary reduction of $3,087.50 (then representing an 11.19 percent reduction). (*See* Declaration of Debra L. Raskin in Support of Plaintiff's Application for Attorneys' Fees, dated Sept. 17, 2014 ("Raskin Decl") (Dkt. 61), ¶ 23.) On reply, Plaintiff reduced its requested fees to eliminate two hours of attorney time that, as had been aptly noted by Defendant in opposition (*see* Defendant's Memorandum in Opposition to Plaintiff's Fee Application, dated Sept. 24, 2014 ("Def. Mem.") (Dkt. 64), at 8), related to entirely different disputes than the one underlying Plaintiff's sanctions motion (*see* Raskin Reply Decl. ¶ 2 and n.1).

4

labor and employment law firm of Vladeck, Waldman, Elias & Engelhard, P.C. (the "Vladeck Firm"), as well as for work performed by a "law clerk," Katherine Morgan ("Morgan"),[2] and an unnamed paralegal. In particular, Plaintiff requests recovery at an hourly rate of $700 per hour for Raskin, a partner with over 35 years of experience in employment litigation; $350 per hour for Chiarello, a senior associate with approximately eight years of litigation experience, five of them with the Vladeck Firm; $150 per hour for Morgan, and $100 per hour for the paralegal. (*See* Raskin Decl. ¶¶ 12-17.)

Defendant argues that the attorney rates requested by Plaintiff are unreasonably high in light of the rates generally awarded in this District, suggesting that the range of awarded rates have more typically fallen in the range of $250 to $600 per hour for partners, and $250 to $350 for associates. (*See* Def. Mem., at 14-15.) Plaintiff, however, notes that, in at least two previous fee awards made in this District, the Court has accepted rates for attorneys in the Vladeck Firm rates at the same levels as those sought here (*see* Plaintiff's Memorandum of Law in Support of Application for Attorneys' Fees Pursuant to the Court's August 7, 2014 Order, dated Sept. 17, 2014 ("Pl. Mem.") (Dkt. 60), at 3 (citing two such cases)), and further contends that the requested rates are reasonable, in light of counsel's high level of experience (*see* Plaintiff's Memorandum of Law in Further Support of His Application for Attorneys' Fees, dated Oct. 10, 2014 ("Pl. Reply Mem.") (Dkt. 67), at 5-6).

To some degree, there is merit to both parties' arguments here. At least in 2010, in the context of an employment case, the Court did note, much as Defendant contends, that "[c]onsistent 'precedent in the Southern District reveals that rates awarded to experienced civil

---

[2] Plaintiff has stated that Morgan is now "an attorney recently admitted to practice in New York State" (Raskin Decl. ¶ 17), and this Court assumes that, as a "law clerk," she was not yet admitted to the bar at the time at issue here.

5

rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350." *Mugavero v. Arms Acres Inc.*, No. 03cv5724 (PGG), 2010 WL 451045, at *5 (S.D.N.Y. Feb. 9, 2010) (quoting *Vilkhu v. City of New York*, No. 06 Civ. 2095 (CPS), 2009 WL 1851019, at *4 (E.D.N.Y. June 26, 2009) (collecting cases)). While many more recent cases in this District appear to rely on the same range, *see, e.g., Charles v. City of New York*, No. 13cv3547 (PAE), 2014 WL 4384155, at *3 (S.D.N.Y Sept. 4, 2014); *Kim v. Kum Gang, Inc.*, No. 12cv6344 (MHD), 2014 WL 2514705, at *2 (S.D.N.Y. June 2, 2014), this Court also notes that, to some extent, average awards tend to "increase[e] over time," *Mugavero*, 2010 WL 451045, at *5, and it has now been five years since the *Mugavero* decision.

Based on the historic range set out in *Mugavero*, as well as the cases cited by the parties in their memoranda and this Court's own current familiarity with the relevant market, this Court recommends that Raskin's rate for the time period in question be set at $650 per hour. While not quite the rate requested by Plaintiff, this is still above the high end of the rates that have most typically been awarded in this District for similar work, and it would be appropriately reflective of Raskin's many years of experience. *See, e.g., Guallpa v. N.Y. Pro Signs Inc.*, No. 11cv3133 (LGS) (FM), 2014 WL 2200393, at * 9-10 (S.D.N.Y. May 27, 2014) (recommending a rate of $600 for a Vladeck Firm partner with 19 years of experience in employment litigation), *report and recommendation adopted by* 2014 WL 4105948 (S.D.N.Y. Aug 18, 2014); *Kum Gang, Inc.*, 2014 WL 2514705, at *1-2 (reducing fee award from $950 to $600 per hour for an "experienced senior litigator" from a large law firm in order to bring the rates in line with those of attorneys who specialize in civil-rights litigation); *Torres v. Gristede's Operating Corp.*, No. 04cv3316 (PAC), 2012 WL 3878144, at *3-4 (S.D.N.Y. Aug. 6, 2012) (reducing rate for partner at

employment law firm of Outten & Golden with more than 20 years' experience from $650 per hour to $550 per hour), *aff'd* 519 Fed. App'x 1 (2d Cir. 2013); *Finch v. New York State Office of Children and Family Servs.*, 861 F. Supp. 2d 145, 155 (S.D.N.Y. 2012) (noting that "[t]here are only a handful of civil rights cases within the Southern District of New York where an attorney was awarded $500 per hour or more, and citing to *Rozell v. Ross–Holst,* 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) where senior partners at Outten & Golden LLP received $600 per hour in an employment discrimination case); *Mawere v. Citco Fund Servs., (USA) Inc.*, No. 09cv1342 (BSJ) (DF), 2011 WL 6779319, at *4-5 (S.D.N.Y. Sept. 16, 2011) (accepting an hourly rate of $650 per hour for a partner at a large firm defending a corporate client in an employment litigation, while noting that this rate was "even somewhat above the upper end" of the appropriate rates for "attorneys practicing [employment litigation] at small and mid-sized firms"), *report and recommendation adopted by* 2011 WL 6780909 (S.D.N.Y. Dec 27, 2011).[3]

The hourly rate requested for Chiarello ($350 per hour), however, is within the range of associate rates that was generally accepted by the Court a few years ago, and based on this Court's review of more recent cases, it would still appear to be a reasonable hourly rate for an attorney of Chiarello's experience. *See e.g., Clark v. Gotham Lasik, PLLC*, No. 11cv01307 (LGS), 2013 WL 4437220, at *7 (S.D.N.Y. Aug. 20, 2013) (noting that "recent opinions from the Southern District of New York have determined that reasonable hourly rates in this district are approximately $200-$350 per hour for associates," and reducing the rate for an associate

---

[3] While Plaintiff points out that, in *Merino v. Beverage Plus*, No. 10cv706 (ALC) (RLE), 2012 WL4468182, at *3 (S.D.N.Y. Sept. 25, 2012) (cited in Pl. Mem., at 3), the Court awarded fees for Raskin's work at the rate of $700 per hour, this Court notes that this rate was only applied to two hours of work, and that Plaintiff has cited no other case in which an experienced employment-law litigator was awarded such a high hourly rate.

from the Vladeck Firm with four and a half years of experience to $275 per hour) (internal citations omitted); *Kregler v. City of New York*, No. 08cv6893 (VM) (MHD), 2013 WL 1869169, at *1 (S.D.N.Y. April 29, 2013) (awarding a rate of $300 per hour for an attorney with five and a half years' experience in employment litigation). As Chiarello was a senior associate with more than eight years of experience at the time he performed the work in question, this Court sees no reason to recommend a reduction in his requested rate.

Similarly, the Court sees no basis for recommending a reduction in either the law clerk or paralegal rate proposed by Plaintiff, both of which are within an appropriate range.

### B. Reasonableness of the Hours Worked

With respect to the hours worked by the Vladeck Firm on the sanctions motion, the firm apparently recorded their time in quarter-hour increments.[4] (*See* Raskin Reply Decl., Ex. A (attorney time records) (Dkt. 68-1).) On that basis, Plaintiff seeks to be reimbursed for 9.75 hours of Raskin's time, 54.75 hours of Chiarello's time, 1.5 hours of the law clerk's time, and 3.25 hours of the paralegal's time – less a voluntary reduction on the resulting total fees, as noted above. (*See* Raskin Reply Decl. ¶ 13, and Ex. A.) Regardless of whether these hours were reasonably spent working on the case – and even if they were primarily spent dealing with Defendant's late production of documents – they are not all compensable here, as the firm's time records do not reflect that they were all spent in the preparation of the motion at issue.

---

[4] While permissible, and indeed fairly common, the Court notes that billing in 15 minute increments instead of shorter ones "adds an upward bias in virtually all cases" and therefore "justifies some further conservatism in calculating the amount of compensable time." *Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC*, No. 05cv6757 (LTS) (MHD), 2009 WL 466136, at *4 (S.D.N.Y. Feb. 25, 2009).

First, much of the work that Plaintiff seeks to attribute to the "preparation of the motion" actually appears to consist of communications with Defendant's counsel, seemingly in an effort to resolve the discovery issue without need for the sanctions motion. The Court appreciates that Plaintiff's counsel conferred with Defendant's counsel, apparently on several occasions, in an attempt to reach some type of accommodation relating to Defendant's late document production. Indeed, this Court requires counsel to engage in good faith conference before bringing a discovery dispute to its attention. Nonetheless, the purpose of the conference requirement is to avoid unnecessary motion practice, and, here, the Court's August 7 Order only granted Plaintiff the cost of having to prepare and file the motion, once informal resolution of the matter had presumably failed. As the Court only intended to compensate Plaintiff for the cost of preparing and filing the motion itself, not the cost of counsel's communications with opposing counsel (which involved time that would have been expended regardless of whether a motion was ultimately needed), the hours spent in conferences with opposing counsel, or on matters specifically connected to such conferences (such as reviewing emails to opposing counsel, or reviewing materials to send to opposing counsel), should be excluded from this fee award.[5]

Second, it appears that Plaintiff's counsel spent a fair amount of time starting to draft the motion *before* counsel ever contacted Defendant's counsel to confer about the matter, for the first time. The first recorded notation of a conference with Defendant's counsel about the late

---

[5] These time entries include: for Raskin, entries for 2/26/14, 2/27/14, 3/7/14, and 3/14/14, and, for Chiarello, entries for 2/26/14 (the entry stating "T/C Meet/confer w/Nelson . . ."), 2/27/14 (the entries stating "Draft email to Nelson re discovery negotiation," and "TC w/Nelson re later production"), 3/7/14, 3/10/14 (the entry stating "Draft/edit email to Nelson with settlement proposal . . ."), 3/14/14, and 3/27/14 (the entry stating "Draft email to Nelson rejecting settlement . . ."). (*See* Raskin Reply Decl., Ex. A.) In addition, this Court recommends deducting 1.00 hour of time from Chiarello's time entry of 2/28/14, for his "review [of] case law to send to Nelson." (*See id.*)

9

document production appears on February 26, 2014, when Chiarello recorded a time entry for "TC Meet/confer w/Nelson re late production," and when Raskin similarly recorded her participation in a call with Chiarello and Defendant. (*See* Raskin Reply Decl., Ex. A.) Yet, the previous day, Chiarello had already recorded six hours for a combination of conducting legal research regarding Rule 37 sanctions, and "draft[ing] [the] letter motion to exclude [Defendant's] 2/13 production." (*See id.*)

While this Court can understand the need to make certain that one is on solid legal ground before raising a dispute with counsel, here the issue was straightforward: Defendant made a very late, post discovery cut-off, production of documents that Plaintiff had requested earlier and would have used in connection with depositions that, by the time of the production, had already been taken. The sanctions potentially available for this failure of timely production would have been evident from Rule 37 itself, such that counsel should have been able to enter into a dialog with opposing counsel immediately, to discuss whether counsel might stipulate to reopen depositions. Moreover, as Chiarello's time entry for February 25 was "block billed," the Court cannot discern from his records how much of his time on that day was spent conducting legal research in preparation for a conference with opposing counsel, and how much was spent drafting the motion itself.[6] In any event, it is this Court's view that it would not be appropriate

---

[6] While the practice of block billing "is not prohibited in this Circuit," *Rodriguez v. McLoughlin,* 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999), the Court notes that it is particularly difficult to evaluate whether time spent on a given task was appropriate or excessive, where the attorney has grouped different tasks together in a single time entry. Thus, at times, the Court has reduced or even disallowed requested attorneys' fees where the supporting time records were not broken out with sufficient detail to enable the Court to determine the reasonableness of the time spent on particular tasks. *See Green v. City of New York,* 403 F. App'x 626, 630 (2d Cir. 2010) (affirming district court's application of hours reduction due to pervasive block billing in time entries submitted by counsel and concluding that the practice raised questions regarding the reasonableness of the entries); *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic,* No. 10cv5256 (KMW) (DF), 2012 WL 5816878, at *10 (S.D.N.Y.

for Plaintiff to recover for the time that counsel spent researching sanctions, much less for the time spent drafting a sanctions motion, before making *even a first attempt* to resolve the matter informally. For that matter, in this Court's view, it would not be appropriate to charge Defendant with any of the costs incurred by Plaintiff with respect to the motion, prior to Plaintiff's first attempt to discuss the matter with Defendant. These time entries should, therefore, also be excluded from the fee award.[7]

Finally, it is this Court's overall view that the time Plaintiff's counsel recorded for their work on Plaintiff's motion was at least somewhat excessive, as evidenced, perhaps most egregiously, by the time recorded by counsel on April 1 and May 6, 2014. On April 1 – the day *after* Plaintiff's sanctions motion was filed (*see* Dkt. 54) – Chiarello recorded .25 hours, and Raskin recorded .50 hours, apparently for "draft[ing]" and "edit[ing]" a cover letter to the Court, merely to enclose a courtesy copy of the motion. (*See* Raskin Reply Decl., Ex A (Raskin time entry for 4/1/14 (for "edit late doc production Correspondence Freeman"); Chiarello time entry for 4/1/14 (for "Draft cover letter to court re motion for sanctions").) This Court has located the April 1 cover letter in its Chambers file, and notes that the letter's entire contents reads as follows:

---

Nov. 14, 2012) (holding vague and block-billed time records insufficient to substantiate claimed expenditure of time; collecting cases); *Williams v. N.Y. City Hous. Auth.*, 975 F. Supp. 317, 327 (S.D.N.Y. 1997) ("It is not the court's job to decipher time entries and guess how much time each activity took . . . It is the responsibility of the applicant to make separate time entries for each activity." (internal quotation marks and citation omitted)); *Soler v. G&U, Inc.*, 801 F. Supp. 1056, 1061-62 (S.D.N.Y. 1992) (excluding from lodestar calculation all time entries with commingled activities).

[7] These time entries include: for Raskin, entries for 2/13/14, 2/16/14, and 2/19/14, and, for Chiarello, entries for 2/13/14, 2/14/14, 2/16/14, 2/21/14, and 2/25/14. (*See* Raskin Reply Decl., Ex. A.)

11

> Dear Judge Freeman:
>
> We represent the plaintiff, Kereth Powell, in the above-referenced matter. Pursuant to the Court's Individual Practice Rule II.B., we enclose a courtesy copy of plaintiff's March 31, 2014 letter requesting discovery sanctions against defendant, filed via ECF on that date.
>
> Respectfully submitted,
> s/ Debra Raskin

This Court cannot fathom why such a letter would have required not only a senior associate's time, but also half an hour of editing time by a partner who was billing at $700 per hour.

Moreover, Chiarello recorded another .25 hours on May 6, for "draft[ing]" a cover letter to enclose a courtesy copy of Plaintiff's reply submission. (*See id.* (Chiarello time record for 5/6/14 (for "Draft letter to Court encl courtesy copy")).) That second cover letter, which the Court has also located, reads as follows:

> Dear Judge Freeman:
>
> We represent the plaintiff, Kereth Powell, in the above-referenced matter. Pursuant to the Court's Individual Practice Rule II.B., we enclose a courtesy copy of plaintiff's May 6, 2014 letter filed today in response to defendant's April 30, 2014 letter to the Court.
>
> Respectfully submitted,
> s/ Debra Raskin

As this letter is virtually identical to the earlier cover letter, this second letter could easily have been prepared by support staff, with only a minute or two of attorney oversight. This Court finds it outrageous that counsel would bill more than $500 for preparing these two letters, and I recommend that the Court exclude from its fee award all charges for these two-sentence, boilerplate cover letters.

Further, these examples raise more general concerns regarding how efficiently counsel used their time. Looking at the big picture, this Court notes that the sanctions motion in question was filed as a pre-motion conference letter (later treated by the Court as a motion, upon a determination that fuller briefing was unnecessary). (*See* Dkts. 54, 59.) The opening letter was five-and-a-half pages, with 10 exhibits, none voluminous (*see* Dkt. 54), and the reply letter was only slightly over four pages (Dkt. 57). The issues that needed to be presented to the Court were largely factual, and the legal principles that counsel invoked were not complex. Under the circumstances, it would seem that the level of counsel's experience should have allowed them to prepare these letters in less than the nearly 50 hours claimed (not counting all of the time deducted above). Further, while the Court has no criticism of the quality of Plaintiff's written presentation, the Court does note that Plaintiff only had a limited degree of success on his motion, given that the Court denied Plaintiff's primary request – that Defendant be precluded from using the belatedly-produced documents – as well as Plaintiff's additional request that, if depositions were reopened, Defendants be ordered to pay for any additional deposition costs. (*See* Dkt. 59.)

As noted above, Plaintiff has voluntarily reduced the fees sought – first by approximately 11.19 percent, and then (by keeping the same dollar reduction after eliminating certain time entries), by approximately 11.63 percent. (*See supra*, at 3 and n.1; *see also* Raskin Decl. ¶ 23; Raskin Reply Decl. ¶ 13.) Regardless of whether this voluntary reduction was made in recognition of some of the factors set out here, this Court accepts that it was a good faith reduction in the requested fees, and finds it appropriate in light of those factors. Accordingly, Irecommend that the Court apply a similar percentage reduction here, in reaching a final determination of the amount of fees that should be awarded.

13

In sum, this Court concludes that, in the preparation and filing of his sanctions motion and reply, Plaintiff reasonably incurred a total of $16,450 in attorneys' fees, calculated as follows:

| Timekeeper | Reasonable Hours | | Reasonable Hourly Rate | | Fees |
|---|---|---|---|---|---|
| Debra L. Raskin | 5.25 hours | x | $650/hour | = | $ 3,412.50 |
| Gregory S. Chiarello | 41.75 hours | x | $350/hour | = | $14,612.50 |
| Katherine Morgan | 1.5 hours | x | $150/hour | = | $ 225.00 |
| Paralegal | 3.25 hours | x | $100/hour | = | $ 325.00 |
| | | | | **Subtotal** | **$18,575.00** |
| | | | | Less 11.44% | ($ 2,125.00) |
| | | | | **Total:** | **$16,450.00** |

The Court notes that this total would reduce by $7,000 (or approximately 30 percent) the fees sought by Plaintiff in the fee application, and, despite Defendant's arguments in favor of additional reductions, it is this Court's view that this reduction would be sufficient to result in a reasonable and appropriate discovery sanction.

## CONCLUSION

For all of the foregoing reasons, I respectfully recommend that Defendant be directed to pay to Plaintiff the sum of $16,450 in satisfaction of the discovery sanctions award made by the Court in its Order of August 7, 2014. This would resolve Plaintiff's sanctions-related fee application in its entirety.[8] (Dkts. 60, 61.)

---

[8] Plaintiff has indicated that he does not intend to seek "fees for the hours spent on [his fee] application." (Pl. Mem., at 4-5.)

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, United States Courthouse, 500 Pearl Street, Room 2220, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Preska. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
February 5, 2015

Respectfully submitted

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Loretta A. Preska, U.S.D.J.

All counsel (via ECF)